UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE:<br><br>SAGECREST II LLC<br>SAGECREST FINANCE LLC<br>SAGECREST HOLDINGS LIMITED<br>SAGECREST DIXON INC.,<br><br>DEBTORS. | CHAPTER 11<br><br>CASE NO. 08-50754 (AHWS)<br>CASE NO. 08-50755 (AHWS)<br>CASE NO. 08-50763 (AHWS)<br>CASE NO. 08-50844 (AHWS)<br><br>JOINTLY ADMINISTERED<br>UNDER CASE NO. 08-50754 (AHWS) |
| SAGECREST II, LLC,<br><br>    Plaintiff,<br><br> - against –<br><br>ACG CREDIT COMPANY II, LLC,<br>ACG FINANCE COMPANY, LLC,<br>FINE ART FINANCE, LLC, ART CAPITAL<br>GROUP, LLC, ART CAPITAL GROUP, INC.,<br>ACG CREDIT COMPANY, LLC, AND IAN S.<br>PECK,<br><br>   Defendants. | Adv. Proc. No. 10-05042 |
| SAGECREST II, LLC,<br><br>    Plaintiff,<br><br> - against –<br><br>IAN S. PECK, ACG CREDIT COMPANY II<br>LLC, ACG FINANCE COMPANY, LLC, FINE<br>ART FINANCE LLC, ART CAPITAL<br>GROUP, LLC, ART CAPITAL GROUP INC.,<br>and ACG CREDIT COMPANY, LLC,<br><br>   Defendants. | Adv. Proc. No. 10-05066 |

1

*Appearances:*

Robert S. Friedman, Esq.                          For the Plaintiff
Mark E. McGrath, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
30 Rockefeller Plaza, Ste. 2400
New York, NY  10112

James Berman, Esq.                                 For the Plaintiff
Zeisler and Zeisler
556 Clinton Ave., P.O. Box 3186
Bridgeport, CT  06605

Joshua H. Epstein, Esq.                            For the Defendants
Sorin Royer Cooper LLC
1230 Avenue of the Americas, 7th Fl.
New York, NY  10020

Elizabeth J. Austin, Esq.                          For the Defendants
Jessica Grossarth, Esq.
Pullman & Comley, LLC
850 Main St., P.O. Box 7006
Bridgeport, CT  06601-7006


Memorandum and Order on
Defendants' Motion to Amend Scheduling Order and
Plaintiff's Cross Motion for Sanctions


These matters are brought in adversary proceedings related to the plaintiff's

chapter 11 cases, which were commenced on August 17, 2008 and jointly administered

under the lead case, number 08-50754, by order of this court.  On June 3, 2010, the

plaintiff commenced adversary proceeding number 10-5042, seeking recovery of

property of the plaintiff's estate.  Previously, on or about January 20, 2009, the plaintiff

commenced a breach of contract action against the defendants in a New York State

court.  That action was transferred to this court on July 22, 2010, as adversary

proceeding number 10 -5066.  Those adversary proceedings have been consolidated

and are scheduled for trial on December 7, 2010.

Since the commencement of these adversary proceedings, there has been a long history of discovery disputes. This memorandum and order addresses the defendants' motion to amend the court's scheduling order and the plaintiff's numerous attempts to prepare for the trial by deposing defendant Ian Peck as a Rule 30(b)(6) representative and in his individual capacity and its motion for sanctions under Rule 37(b) as a consequence of the defendants' repeated and unwarranted resistance to those discovery efforts.

## I

It is well-established that "[a] deponent under Rule 30(b)(6) has an affirmative obligation to educate himself as to the matters regarding the corporation. This includes all matters that are known or reasonably available to the corporation." *Concerned Citizens v. Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004) (internal quotations and citations omitted); *Honda Lease Trust v. Middlesex Mutual Assurance Co.*, No. 3:05CV1426 (RNC), 2008 U.S. Dist. LEXIS 60766, at *8 (D. Conn. Aug. 7, 2008) ("The corporation must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.") (internal quotations and citations omitted); *see also Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, No. 07 Civ. 930 (GEL), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009) (if a corporate representative does not possess personal knowledge of the topics listed in a Rule 30(b)(6) deposition notice, the party "is obligated to prepare [the designated witness] so that they may give knowledgeable answers.").

The termination or death of employees with knowledge "do[es] not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996); *see also Kanaji v. Philadelphia Child Guidance Center of Children's Hosp.*, No. CIV. A. 00-937, 2001 WL 708898, at *2, n. 4 (E.D. Pa. June 20, 2001) (citations omitted).

Rule 37 provides that a court is permitted to sanction a party for, among other things, failing to obey a discovery orders.  Specifically, Rule 37(b) provides, in relevant part:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) . . . —fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i-vii).

In applying Rule 37, and when determining which sanctions to impose, trial courts are vested with wide discretion.  *See Southern New Eng. Tel. Co. v. Global NAPs Inc.*, — F.3d —, 2010 WL 3325962, at *15 (2d Cir. Aug. 25, 2010) ("[T]he text of [Rule 37] requires only that the district court's orders be just . . . . because the district court has wide discretion in imposing sanctions under Rule 37 . . . .") (internal quotations and citations omitted); *see also Daval Steel Products v. M/V Fakredine*, 951

F.2d 1357, 1365 (2d Cir. 1991); *Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp.

2d 124, 138 (S.D.N.Y. 2009). In reviewing a district court's use of its discretion, the

Second Circuit has held that a district court "will only be reversed if its decision

constitutes an abuse of discretion." *Daval Steel Prods.,* 951 F.2d at 1365 (affirming

district court's sanction of precluding defendants from offering testimony on the issue of

alter ego liability where defendants failed to appear for a court-ordered deposition); *see*

*also Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 268-69 (2d Cir. 1999)

(affirming district court's preclusion of witness testimony due to its failure to produce

deponents for a 30(b)(6) deposition), *cert. denied*, 120 S. Ct. 940 (2000).

In order to impose sanctions under Rule 37, it must be shown that a party

violated a court order. *See Daval Steel Prods.,* 951 F.2d at 1363. When determining

which sanction to issue, "[t]he Court may consider the full record in the case in order to

select the appropriate sanction." *Nieves v. City of New York*, 208 F.R.D. 531, 535

(S.D.N.Y. 2002). In addition, "[s]everal factors . . . [are] useful in evaluating whether to

impose sanctions under Rule 37 includ[ing:] (1) the willfulness of the non-compliant

party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the

duration of the period of noncompliance; and (4) whether the non-compliant party had

been warned of the consequences of . . . noncompliance." *Chiquita Int'l, Ltd. v. M/V*

*Cloudy Bay*, 262 F.R.D. 318, 323 (S.D.N.Y. 2009) (*quoting Agiwal v. Mid Island*

*Mortgage Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009)).

One of the sanction that is expressly permitted under Rule 37 is the sanction of

preclusion. *See Reilly*, 181 F.3d at 268 ("When a party fails to comply with Rule

30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion of

evidence."). While "an order . . . precluding a party from presenting evidence . . . is

strong medicine, such orders are necessary on appropriate occasion to enforce

compliance with the discovery rules and maintain a credible deterrent to potential

violators." *Daval Steel Prods.*, 951 F.2d at 1367 (affirming district court's sanction of

precluding defendants from offering testimony on the issue of alter ego liability where

defendants failed to appear for a court ordered deposition) (citation omitted); *see also*

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 70-72 (2d Cir. 1988); *Koury v.*

*Derzhavin*, No. CV20043180FBMDG, 2005 WL 2372840, at *1 (E.D.N.Y. April 25,

2005).


**II**

As noted, *supra* at 2, on June 3, 2010, the plaintiff commenced Adversary

Proceeding No. 10-05042 (the "2-Year Note Proceeding") (doc. #1) and filed various

motions against the defendants.  During a June 7, 2010 hearing on the motions, the

court set a trial date of July 14, 2010.  On June 11, 2010, the plaintiff served upon the

defendants document requests, a notice for a Rule 30(b)(6) deposition of the Peck-

controlled Entities, and a deposition of Peck individually ("2-Year Note Discovery").  The

2-Year Note Discovery noticed Peck's deposition in his individual capacity for June 25,

2010 and the Rule 30(b)(6) deposition of the Peck-controlled Entities for June 30, 2010.

On June 15, 2010, the court conducted a hearing during which the defendants

requested the consolidation of the 2-Year Note Proceeding with the action the plaintiff

had commenced against them in the New York State court (the "Assigned Loan

Proceeding").  The request was granted, and the 2-Year Note Proceeding and the

Assigned Loan Proceeding (hereafter, collectively the "Proceedings") were scheduled

for trial on October 26, 2010, with a discovery bar date of September 30, 2010.

On July 9, 2010, the plaintiff served upon the defendants document requests, a

deposition notice for a Rule 30(b)(6) deposition of the Peck-controlled Entities, and a

deposition of Peck individually, all of which related to the Assigned Loan Proceeding

(the "Assigned Loan Discovery").  The Assigned Loan Discovery noticed Peck's

deposition for August 5, 2010 and the Rule 30(b)(6) deposition of the Peck-controlled

Entities for August 6, 2010.  The Assigned Loan Discovery also provided that if any of

the noticed dates were problematic, the defendants were requested to suggest

alternative dates during the weeks of August 2nd and 9th, and if the plaintiff did not hear

from the defendants before July 14, 2010, the plaintiff would deem the noticed dates

"available and acceptable."  (McGrath Decl., Ex. D. at 4.[1])

On July 7, 2010, the court conducted a telephonic status conference in an

attempt to resolve the parties dispute over a proposed pretrial order.  That effort did not

succeed.  Therefore, at a hearing on July 13, 2010, the court set a discovery deadline of

September 30, 2010, emphasizing that all discovery was to be completed and closed by

that date.  (*See* July 13, 2010 Hr'g Tr. (doc. #68) at 4:1-9, 4:25-5:2, 5:6-10, 6:12-20.)

On July 15, 2010, a Pretrial Order entered which memorialized the September 30th

discovery bar date and set October 26, 2010 as the trial date for the Proceedings.  (*See*

doc. #64.)

On July 22, 2010, the defendants served responses and objections to the

document requests in the 2-Year Note Discovery and the Assigned Loan Discovery.

There was no objection to the deposition topics identified in plaintiff's Rule 30(b)(6)

deposition notices.  On July 25, 2010,notwithstanding that Peck's deposition date and

the Rule 30(b)(6) deposition date previously had been set, the plaintiff, nonetheless,

sent a letter to the defendants demanding that they designate deposition dates and the

---

[1]  Plaintiff's attorney's, Mark McGrath's, Declaration was submitted in opposition to the
defendants' Motion to Amend the First Amended Scheduling Order on Consent and in
support of the plaintiff's Cross-Motion for Sanctions.  (*See* doc. #142-1.)  Hereinafter, it
is referenced as "McGrath Decl.".

identity of the Rule 30(b)(6) representatives.  The defendants did not provide deposition

dates until August 6, 2010, at which time they made the following representations:

> Rob [Friedman, plaintiff's attorney], Mr. Peck (who is also
> our 30(b)(6) witness[)] is generally available for deposition
> during the week of September 13, although confirming that
> date will require confirming dates for witnesses whose
> depositions we have noticed as well.  We are gathering
> documents for production, but the process has been more
> time-consuming than we anticipated. We expect to either
> begin our rolling production – or make documents available
> for inspection and copying – by middle of next week.

(McGrath Decl., Ex. J.)  Significantly, *see infra* at 10, there was no mention of Peck's

health.  On August 17, 2010, the plaintiff confirmed with the defendants that Peck's

depositions, both individually and as the Rule 30(b)(6) representative of the other

defendants, would be taken on September 15, 2010 and September 16, 2010,

respectively.  (*See id.*, Ex. K.)

On August 24, 2010, the plaintiff sent a follow-up email to the defendants

regarding their failure to produce documents.  (*See id.*, Ex. L.)  The defendants

responded on August 27, 2010, stating that they would be making a substantial

production of documents the following week.  (*See id.*, Ex. M.)  On September 2, 2010,

the defendants served their second production of documents, which did not include the

requested electronically stored information ("ESI").

On September 3, 2010, the plaintiff served formal notices for the depositions of

Peck, both individually and as the Rule 30(b)(6) representative, for the previously

agreed dates of September 15th and 16th.  (*See id.*, Ex. N.)  The identified topics for the

Rule 30(b)(6) deposition (hereafter, the "Topics"[2]) were:

---

[2.]  The capitalized terms in the Topics are defined in a New York State court settlement
agreement between the plaintiff and the defendants, dated May 19, 2008 (the so-called
"So-Ordered Settlement Agreement"), which is the genesis of the underlying complaints
in these Proceedings and docketed in Adv. Pro. No. 10-5042 as doc. #7-1.

1.  The 2-Year Note, the IPFP Care and Custody Agreement, the
    Limited Personal Guarantee and any provisions of the So-Ordered
    Settlement Stipulation relating to the foregoing, the [Other Art
    Loans and the American Furniture Judgment] and/or the [Other Art
    Loan Collateral, the Gill Furniture Lot, and the IPFP Collateral];

2.  The [Other Art Loans and the American Furniture Judgment] and
    the [Other Art Loan Collateral, the Gill Furniture Lot, and the IPFP
    Collateral];

3.  The incorporation, structure, corporate governance, business and
    financial condition of each of the Peck-controlled Entities as well as
    the relationship between each of the Peck-controlled Entities;

4.  The Assigned Loans and the Assigned Collateral;

5.  The So-Ordered Settlement Stipulation;

6.  The Blocked Account;

7.  Collection Costs and Administrative Costs as well as Sections 13
    and 14 of the So-Ordered Settlement Stipulation; and

8.  Any defenses, counterclaims or set offs that Defendants may assert
    in this adversary proceeding.

(*Id.*, Ex. N (labeled as "Schedule A, Designated Topics").)  The defendants did not

object to any of the Topics.

Also, on September 3, 2010, the plaintiff emailed the defendant regarding the

defendants' second production of documents and their failure to produce certain

requested documents, and requested that defendants participate in a meet and confer

conference later that afternoon.  (*See id.*, Ex. O.)  *See also generally* Rule 26(f).  The

defendants responded that they were unavailable until either late September 7th or

September 8th.  (*See* McGrath Decl., Ex. P.)  The plaintiff replied that it wanted to

discuss the failure to produce prior to September 7th because the Peck depositions

were scheduled for the following week.  The defendants did not respond.

On September 7, 2010, the plaintiff filed a motion to compel (doc. #86).  On that

date, the defendants sent an email to the plaintiff stating:

> [R]egarding the timing of document production, depositions
> and any motion(s) you have made or apparently plan on
> making, you should be aware that Mr. Peck is in ill health,
> and has been so for over a month.   His illness has had a
> debilitating effect on him.   If necessary, this can be verified
> by his physician.  Because of Mr. Peck's condition, it is
> extremely unlikely that he will be able to be deposed next
> week, and I wanted to let you know about this now, rather
> than at the last minute.  Mr. Peck's health issues have also
> slowed our efforts to gather responsive documents.

(*Id.*, Ex. R.)  This was the first mention that Peck had any health issues.

On September 8, 2010, counsel for the parties participated in a teleconference

during which the plaintiff asked the defendants to provide it with details about Peck's

health.  As set forth in an email summarizing that call, the defendants stated:

> [they] did not have all the details; it was hard to figure out; he
> had a fever for weeks; is on medication; it's not life
> threatening, but more than a sore throat . . . [and that the]
> diagnosis has shifted over time.

(*Id.*, Ex. S.)  The plaintiff requested an affidavit from Peck's physician confirming Peck's

illness and the doctor's opinion on Peck's expected recovery time.  The plaintiff also

informed the defendants that it intended to go forward with the Rule 30(b)(6) deposition

on Thursday, September 16th.  (*See id.*)  On September 10, 2010, the plaintiff filed a

supplement to its motion to compel (doc. #88).

On September 13, 2010, the court conducted a hearing on the motion to compel.

(*See* Docket Entry dated Sept. 13, 2010.)  The plaintiff argued that it did not want to

change the discovery bar date and wanted to ensure that the October 26th trial date

was not adjourned.  (*See, e.g.,* Sept. 13, 201 Hr'g Tr. (doc. #103) at 8-9, 13.)  The

issues of Peck's health and availability as a deposition witness, both individually and as

the Rule 30(b)(6) representative, on September 15, 2010 and September 16, 2010 were

also addressed.  (*See id.* at 13:6-15:17.)  The *defendants* proposed a procedure that in

the event Peck would not be available as the Rule 30(b)(6) deponent, Baird Ryan would

be the defendants' alternate designee.  (*See id.* at 15:18-16:1, 16:13-16:17, 22:13-

22:22, 23:3-25:22.)  The plaintiff agreed to the defendant's proposal, and on September

16, 2010, the court entered a "Compel Order", prepared by the parties, which provided:

> 3.     On or before October 5, 2010, Defendants
> shall inform counsel for SageCrest whether or not Mr. Peck
> will be available for a deposition in his individual capacity
> and as the Rule 30(b)(6) representative of Corporate
> Defendants *during the time between October 4, 2010 and
> October 18, 2010* (the "Deposition Period");
>
> ***
>
> 5.     In the event that Defendants inform SageCrest
> that Mr. Peck may not be available to be deposed as the
> Rule 30(b)(6) witness for the Corporate Defendants during
> the Deposition Period, Baird Ryan:  (a) is hereby designated
> as the alternative representative for the Corporate
> Defendants; (b) *shall be fully prepared to testify as the Rule
> 30(b)(6) representative of the Peck-controlled Entities*, and
> (c) shall be deposed as the Rule 30(b)(6) representative and
> the deposition shall be completed by the end of the
> Deposition Period; [and]
>
> ***
>
> 7.     The Discovery Bar Date, as defined in the Pre-
> Trial Order in these proceedings (Docket No. 64), is hereby
> amended, revised and extended to and including October
> 18, 2010[.]

(Compel Order (doc. #91) at 3 (emphasis added).)

Notwithstanding that it was defendants who proposed Baird Ryan as an

alternate, on September 30, 2010, they filed a motion for reconsideration of the Compel

Order (doc. #98)).  They sought to: (1) alter the Compel Order by eliminating the

requirement that Baird Ryan testify as the alternate Rule 30(b)(6) representative of

Peck-controlled Entities; and (2) adjourn the discovery bar date and the trial.  At an

October 5, 2010 hearing, the court addressed the defendants' obligation to prepare and

present a Rule 30(b)(6) representative, whether that representative be Peck or another

person or persons.  (*See, e.g.,* Oct. 5, 2010 Hr'g Tr. (doc. #130) at 15:3-17:4.)  The

court reiterated that the defendants had an obligation to prepare an alternate representative as the defendants' Rule 30(b)(6) representative in the event Peck was unavailable to testify.  (*See, e.g., id.* at 17:11-17:21, 18:2-18:6, 18:17-18:21, 28:21-29:1, 29:20-30:22, 31:6-32:25.)  Over the plaintiff's objection, the court granted the defendants a second extension, *i.e.*, until October 15, 2010, to designate their Rule 30(b)(6) representative.  The court further ordered that the Rule 30(b)(6) deposition would be conducted on October 28-29, 2010.  The court also stated that the trial would be re-schedule to early December 2010.  Consistent with that hearing, a First Amended Scheduling Order on Consent (doc. #109) was entered on October 13, 2010.  (*See also* Docket Entry dated Oct. 5, 2010.)  On October 15, 2010, the defendants filed their designation, identifying Peck as their Rule 30(b)(6) representative.  (*See* doc. #112.)

On October 8, 2010, the plaintiff filed a motion for contempt (doc. #105) based on the defendants' failure to produce documents in accordance with the Compel Order.  In response, the defendants filed a motion to compel, styled as a "cross-motion" (doc. #119).  The defendants' cross-motion was denied at an October 19, 2010 hearing, and they were again ordered to produce certain documents, including bank account records and ESI (*e.g.*, emails to and from a number of employees including, but not limited to, Baird Ryan, Robert Loibl, Ferdousi Islam, and Caitlyn Kelly).  The plaintiff's motion for contempt was "[c]arried to track compliance with request for production".  (*See* Docket Entries dated Oct. 19, 2010 re: doc. ## 107, 119.)

On October 20, 2010, the plaintiff served notice of the November 9, 2010 deposition of Peck in his individual capacity.  On October 22, 2010, the plaintiff informed the defendants that "the 30(b)(6) depositions are going forward next Thursday and Friday [*i.e.*, October 28th and 29th] at 9:30 a.m. at our offices with Mr. Peck as the designee for all topics. . .".  (McGrath Decl., Ex. Y.)

On October 26, 2010, at 4:05 p.m., the defendants filed the instant Motion to
Amend the First Amended Scheduling Order on Consent, again seeking to postpone
Peck's Rule 30(b)(6) deposition for health reasons.  (*See* doc. #135.)  The defendants
also claimed that they needed additional time to produce the ESI (*i.e.*, the emails) and
requested that they be given until November 11th.  On October 28, 2010, the plaintiff
filed an objection and the instant Cross-Motion for Sanctions.  (*See* doc. #142).  The
Cross-Motion requested an order that the defendants be precluded from offering any
evidence on any of the Topics noticed for the Rule 30(b)(6) depositions because they
failed to produce a Rule 30(b)(6) witness as ordered by the Compel Order dated
September 16, 2010 (doc. #91) and the First Amended Scheduling Order on Consent
dated October 12, 2010 (doc. #109).  The plaintiff also sought additional sanctions
including attorneys' fees and costs.

On October 29, 2010, the court heard arguments on those motions.  Regarding
the Rule 30(b)(6) depositions of the Peck-controlled Entities, the defendants made the
same arguments that had been made at the September 13, 2010 and October 5, 2010
hearings (*i.e.*, that Peck was too sick to sit for a deposition and no one else could be
designated as the defendants' Rule 30(b)(6) representative).  The defendants also
argued that Peck's condition had deteriorated.  (*See* Oct. 29, 2010 Hr'g Tr. at 9:17-24.)
However, the note presented by the defendants from Peck's physician did not reference
any deteriorating condition.  Rather, it stated that Peck's "symptoms have improved,
[but] he continues to experience chills and significant malaise."  (Epstein Decl., Ex. E.,
attached to Defs.' Motion to Amend (doc. #135).)  The plaintiff continued its request for
sanctions.  It also requested that the defendants be directed to produce the outstanding
ESI production by November 5, 2010, *i.e.*, two business days before Peck's individual
deposition.  At the conclusion of the hearing, the court stated that it would deny the

13

defendants' Motion to Amend and grant the plaintiff's Cross-Motion for Sanctions to the extent that the defendants would be precluded from introducing evidence on the Topics that were the subject of the Rule 30(b)(6) depositions.

## III.

As noted, the defendants have repeatedly disregarded this court's orders to produce a Rule 30(b)(6) representative on designated dates by failing to produce either Peck or an alternate. Their latest last-minute effort to avoid the Rule 30(b)(6) deposition of Peck by an excuse that his health had deteriorated was not supported by a persuasive showing. To the contrary, Peck's physician stated in an October 26, 2010 letter that Peck's "symptoms had improved . . .".

This willful and obstructive conduct cannot be tolerated and warrants the imposition of the sanction of preclusion. *See Update Art*, 843 F.2d at 70-72 (affirming district court's grant of preclusion sanction for failure to comply with discovery orders where defendants engaged in delay tactics and bad faith conduct throughout the proceeding); *Daval Steel Prods.*, 951 F.2d at 1367 (affirming district court's sanction of precluding defendants from offering testimony on the issue of alter ego liability where defendants failed to appear for a court ordered deposition).

Accordingly, IT IS HEREBY ORDERED that the defendants' Motion to Amend is denied.

IT IS FURTHER ORDERED that the defendants are precluded from introducing, presenting or offering any evidence in these Proceedings on the following Topics:

1.    The 2-Year Note, the IPFP Care and Custody Agreement, the Limited Personal Guarantee and any provisions of the So-Ordered Settlement Stipulation relating to the foregoing, the Loans and/or the Collateral;

2.    The Loans and the Collateral;

14

3.    The incorporation, structure, corporate governance, business and financial condition of each of the Peck-controlled Entities as well as the relationship between each of the Peck-controlled Entities;

4.    The Assigned Loans and the Assigned Collateral;

5.    The So-Ordered Settlement Stipulation;

6.    The Blocked Account;

7.    Collection Costs and Administrative Costs as well as Sections 13 and 14 of the So-Ordered Settlement Stipulation; and

8.    Any defenses, counterclaims or set offs that Defendants may assert in this adversary proceeding.

IT IS FURTHER ORDERED that the plaintiff's request for monetary sanctions will be the subject of a further hearing after the conclusion of the scheduled trial in these Proceedings.

IT IS FURTHER ORDERED that if Ian Peck has not appeared for a deposition in his personal capacity on November 9, 2010, as directed by the court, he will be precluded from testifying, introducing and/or offering any evidence in these Proceedings.

IT IS FURTHER ORDERED that if, by November 5, 2010, the defendants have not produce the ESI responsive to the plaintiff's discovery requests (*i.e.*, responsive emails sent to or from Baird Ryan, Caitlyn Kelly, Ferdousi Islam and Robert Loibl) and the bank account records that were identified by the plaintiffs at the October 19, 2010 hearing, the defendants shall be precluded from offering such evidence in these Proceedings.

Dated this 12th day of November 2010 at Bridgeport, Connecticut.

BY:

Alan H. S. Shiff
United States Bankruptcy Judge