UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE:<br><br>SAGECREST II LLC<br>SAGECREST FINANCE LLC<br>SAGECREST HOLDINGS LIMITED<br>SAGECREST DIXON INC.,<br><br>DEBTORS. | CHAPTER 11<br><br>CASE NO. 08-50754 (AHWS)<br>CASE NO. 08-50755 (AHWS)<br>CASE NO. 08-50763 (AHWS)<br>CASE NO. 08-50844 (AHWS)<br><br>JOINTLY ADMINISTERED<br>UNDER CASE NO. 08-50754 (AHWS) |
| SAGECREST II, LLC,<br><br>        Plaintiff,<br><br>  - against –<br><br>ACG CREDIT COMPANY II, LLC,<br>ACG FINANCE COMPANY, LLC,<br>FINE ART FINANCE, LLC, ART CAPITAL GROUP, LLC, ART CAPITAL GROUP, INC., ACG CREDIT COMPANY, LLC, AND IAN S. PECK,<br><br>        Defendants. | Adv. Proc. No. 10-05042 |
| SAGECREST II, LLC,<br><br>        Plaintiff,<br><br>  - against –<br><br>IAN S. PECK, ACG CREDIT COMPANY II LLC, ACG FINANCE COMPANY, LLC, FINE ART FINANCE LLC, ART CAPITAL GROUP, LLC, ART CAPITAL GROUP INC., and ACG CREDIT COMPANY, LLC,<br><br>        Defendants. | Adv. Proc. No. 10-05066 |

*Appearances:*

| | |
|---|---|
| Robert S. Friedman, Esq. | For the Plaintiff |
| Mark E. McGrath, Esq. | |
| Sheppard, Mullin, Richter & Hampton, LLP | |
| 30 Rockefeller Plaza, Ste. 2400 | |
| New York, NY  10112 | |
| | |
| James Berman, Esq. | For the Plaintiff |
| Zeisler and Zeisler | |
| 556 Clinton Ave., P.O. Box 3186 | |
| Bridgeport, CT  06605 | |
| | |
| Joshua H. Epstein, Esq. | For the Defendants |
| Sorin Royer Cooper LLC | |
| 1230 Avenue of the Americas, 7th Fl. | |
| New York, NY  10020 | |
| | |
| Elizabeth J. Austin, Esq. | For the Defendants |
| Jessica Grossarth, Esq. | |
| Pullman & Comley, LLC | |
| 850 Main St., P.O. Box 7006 | |
| Bridgeport, CT  06601-7006 | |

### MEMORANDUM AND ORDER
### REGARDING RECONSIDERATION OF THE COURT'S
### PREJUDGMENT REMEDY ORDER

The Defendants asks the court to reconsider its January 3, 2011 order approving the Plaintiff's Application for Pre-Judgment Remedy ("PJR Order") (*see* doc. #201). For the reasons that follow, the motion is denied.

### Background

Familiarity with the factual background that preceded the PJR Order is assumed. *See SageCrest II, LLC v. ACG Credit Company II, LLC, et al., (In re SageCrest II, LLC)*, Adv. Pro. Nos. 10-5042, 10-5066, Order at 1-4 (Bankr. D. Conn. Jan. 3, 2011). The PJR Order provided, *inter alia*, that the Plaintiff could conduct discovery regarding property of the Defendants. In accordance therewith, the Plaintiffs served discovery

requests and notices of deposition to which, on January 7, 2011, the Defendants sought a protective order. At the January 11, 2011 expedited hearing on that motion, the Defendants informed the court that they intended to file the instant motion, which they did on January 18, 2011. (*See* doc. #211.) The Plaintiff objected. (*See* doc. #226.)

### Discussion

"Motions under Rule 60(b) [*i.e.*, reconsideration motions] are addressed to the sound discretion of the . . . court . . .". *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).

> The standard for granting motions for reconsideration is strict; motions for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice.

*In re NatTel, LLC*, No. 3:07-mc-285 (SRU), 2010 WL 2977133, *1, slip op. (D. Conn. July 22, 2010) (internal quotations and citations omitted).

The grounds upon which the Defendants seek reconsideration of the PJR Order are alleged errors committed by this court in issuing that order. (*See* Defs.' Motion for Reconsideration at 7, ¶19.) The law within the Second Circuit is clear, however, that that is not a basis for granting reconsideration. *See, e.g., Morien v. Munich Reinsurance America, Inc.*, 270 F.R.D. 65, 69 (D. Conn. 2010) (motion for reconsideration not to be used "to relitigate an issue the court has already decided") (further citation omitted). Rather, alleged errors should be addressed through the appeals process. Since there has been no intervening change of controlling law, nor availability of new evidence, and finding there is no need to correct a clear error or

prevent manifest injustice in this instance, there is nothing warranting reconsideration of the PJR Order.

## Conclusion

Accordingly, having failed to establish a basis warranting it,

IT IS ORDERED that the Defendants' Motion for Reconsideration is DENIED.

Dated this 16th day of February 2012 in Bridgeport, Connecticut.

By the court

Alan H. W. Shiff
United States Bankruptcy Judge